Mr. McLeary, I think you need to speak up probably, I mean if I need you to, I'm sure everybody else does. Thank you very much Judge Thacker. My name is Kenneth McLeary. I'm representing Robert Connelly. It's an honor for me to be here before this court. Thank you for taking the time to take a look at this. Unfortunately, I really didn't want to be here or I didn't want to be in the district court either. And within a couple of weeks after filing the complaint, I filed a motion to voluntarily dismiss because the defendant had not filed an answer. The defendant had not filed a motion for summary judgment, and therefore I had an absolute right to remove the case. And I had a pretty good reason for getting rid of it. You filed a motion to dismiss, but you didn't call it a notice. Well, unfortunately, two things. Well, you called it a notice. Correct. And the problem is, being of our generation, I look at these guys with their computers and they can hit buttons and make a pacer work magic. I look at them and I'm confused. I'm from the old day where I walked over to the clerk's office and I handed them a motion or a pleading and I had a very knowledgeable clerk. I don't understand why you didn't file a motion. It seems my colleague, Judge King, is absolutely right about this. The rule could not be clearer. The Rule 41A says, you know, if you want the automatic dismissal, file the motion. Otherwise, it's a discretionary matter with the district court. I did file the motion, but what he's saying is that I filed a motion to dismiss under Maryland Rule 41A and asked for a voluntary dismissal without prejudice. I think what you needed to file was a notice of dismissal. And I understand.  And I'm not sure that the computer system pacer, when we struggled through the computers, whether they acknowledged it or a notice, a line. You know, back in the day, we filed a thing called a line with the court. It had to be before there was an answer or a motion for summary judgment. And that was done. There had been no answer? There's still no answer. There had been no summary judgment. That's correct. Or no motion for summary judgment. That's correct. And there's still not. And I could still file it. But now that there is a. . . And if you filed, if that's construed as a motion for dismissal, a 41, in effect, a 41A1 notice of dismissal, it's self-executing. It should have been. And I can't understand why the clerk's office. . . That's correct. Or deal with it later. That's my point. But if you don't file the motion, it's not self-executing. I did file the motion. I filed it on April 30, 2024, less than six weeks after I filed the complaint. And no answer had been filed and no motion for summary judgment had been filed. And it should have resolved this matter entirely. Everything that's happened after April 30 of 2024 is advisory and should be vacated. That's absolutely correct. And, Your Honor. . . Your argument is it's the substance of what you filed versus the form that matters. Correct. Particularly where this is self-executing. Absolutely. Absolutely. And it's frustrating. Like I said, some clerks say it must say the word line or it must say notice. You know, if we construe it the way you want us to construe it, you're liable to end up back in Federal court. After it goes back, they might remove it.  They can't. And here's the bottom line. It's already been filed in the State court. It's already proceeding in the State court. Motions and answers have already been extended. Some settlement offices have been there. I thought you filed this case initially in Federal court. I did. Why? You filed it. Aren't you jerking the system around? No, Your Honor. Well, excuse me. You filed initially your suit in Federal court, and now you're trying to get out of Federal court. For a good reason, Your Honor. What was the reason? You didn't like the judge? No, Your Honor. No, that's the question I have. People file something, and they have a change of heart because they didn't like the judge, and he was assigned. All right. In this case, the judge had not been assigned at the time that I filed the motion. Well, there's something out there. I'm saying there's something else. I can't wait to tell you what it is. There's changes of heart. I can't tell you what it is. I can't. Please. It is three weeks later, on March 24th of 2024, the Supreme Court of the State of Maryland took cert in a case that had the same exclusive remedies arguments, and it dawned on me that this case should proceed up through the Maryland appellate courts at the Maryland issue of Labor and Employment Article section 9-509, which is not only did that case then make its way through the appellate court, but this last July the court in a very split decision, 4-3, which is unusual for the Maryland Supreme Court to be so split on decisions with many dissenting opinions, and a lot of activity at the legislature coming up this fall to address this code section. Seeing that coming down the pike, and I didn't know it on March 11th when I filed the suit. On March 11th when I filed the suit, I had a client from West Virginia who felt that he would get a fairer shake in the federal court system than he would in Allegheny County, Maryland, and it wasn't until three weeks later on March 24th when I saw that cert had been granted on a matter that I didn't even know was in existence and it was very similar to this. I then cited that case and said, Judge, in light of this appellate case that's pending at the Supreme Court of Maryland, it would be appropriate for us to dismiss this case 41A, Voluntary Dismissal Without Prejudice. We also then refiled in Allegheny County. And when I filed the motion... Allegheny County, what, Cumberland? Yes, that's correct. That's where you're litigating in Cumberland? That's correct. That's correct. Your client is...  Injured, very badly injured. Yes, he was. He fell through a ceiling... Yes, he did. ...20 feet on a concrete pad or something. Correct. Horrible. And it was an injury that was preventable, that was precipitated by a general contractor... You admit that you made a mistake. Is that right? Is it a misnomer or a clerical error? I'm not sure. I don't know how to work computers well enough to know what the difference is between hitting a button that says notice or motion. All I know is that the substance was this is, I cite the Maryland rule or the federal rule 41A. You cited the right rule. And I cite the basis. But you misnamed it, I think. I called it a motion instead of a... You called it a motion instead of a notice of dismissal. But you cited the rule and the rule itself says that it's self-executed. That rule lets you do it ex parte. Correct. The plaintiff can file a notice of dismissal before there's been an answer or a motion or summary judgment. That's what I did. 41A1. And that's what I did. And I didn't do it because the judge hadn't even been selected yet. But to get the benefit of it, she had to call it right. So the question is whether we're going to hold you to the language of the rule or whether we're going to construe what you did as substantial compliance. Thank you. And that is what I'm asking. And I'm very, Judge Wilkerson, I'm very cognizant of judge shopping. And that is not a case that happened here because I don't believe the judge had even been assigned yet at the time that we filed that. And I certainly have not enough experience in the federal court to tell you that I know the difference between these. Are you a Cumberland lawyer? No, Your Honor. I was a Maryland workers' compensation commissioner appointed by Governor Ehrlich for 10 years. I spent 15 years doing insurance defense work, workers' comp, roadway trucking company, and then spent the last 10 years doing plaintiff's work out of Annapolis. But I do practice in Cumberland, and I love the western part of that state. And your plaintiff is from, you said, West Virginia? He's from Martinsburg, West Virginia. Martinsburg. Correct. And if I get a chance to get to the Greenbrier, I do it every time I can because you've got a beautiful state out there. So that is the substance of why I'm here. Well, part of why you're here is that the ultimate resolution of your case was a dismissal of the claim.  And it indicated that Daystar, both the general contractor and the subcontractor, were covered by the Workers' Compensation Act. That's correct. And that isn't the result you wanted. You did not want to face, you did not want the defendant to be able to claim protection of the Workers' Compensation Act. And that's a big reason that case is here. It's not just a jurisdictional dispute. It's the fact that you didn't like the bottom line, which is that the defendant here in the district court were trying to defend the Workers' Compensation Act because it's a whole thing. To have a good workers' compensation program, you have to have universal buy-in. And you were trying to weaken it in the Daystar district court for trying to defend it. And that's a big reason that we're here. You're talking about this jurisdictional issue and everything, but the point is you didn't like the ultimate result. Judge, I believe that the ultimate result is incorrect because I do not believe that, listen, the workers' compensation system is near to my heart. I was a judge on the Workers' Comp Commission for 10 years. I love the system, and I know it, and I bring the book with me. I don't believe that when the primary employer, the direct employer, has workers' comp coverage and they pay up to their obligations, that then other bad actors on a job site that are negligent and cause injury to people should be able to walk away from it. I hear you, but they're all involved in the same project. The general contractor and the subcontractor were working on the same project. It was a renovation of a building, and the district court said, when they're working on the same project, there's no reason to sever the whole one. And what's wrong with the district court's resolution of that? Because they extend the cloak of immunity to parties that were negligent, that were not the direct employer. Workers' comp is about a relationship between a direct employer and their employees. In this case, all we're hearing on is whether you can get the benefit of Rule 41A-1 in a self-executing manner. A says, without a court order, a notice of dismissal, before the opposing party serves either an answer or a motion for summary judgment. Correct. And then B says, effect, unless the notice or stipulation states otherwise, the dismissal is without prejudice. Correct. And that's what you were trying to get the benefit of, but you didn't call it the right thing. You misnamed it. I cited it in the reason. Is it substantial compliance or what? That is substantial compliance. Is that what you're trying to get us to do? Yes, Your Honor. And vacate what's happened in the district court so that the circuit court for Allegheny County can continue what it's done to date, which is to litigate these issues between these various parties. Some get a cloak of immunity, some do not, with regards to my client's injuries. And I do not believe that what happened in the district court of the federal district court. The workers' compensation issues you're talking about need to be addressed. That's correct. In the circuit court of Allegheny County. That's correct. And there are state law issues. That's correct. And that's exactly what we're here for. So, Your Honor. Next time you need to read the rules, I would think. Well, it's not the – Your Honor, it's working this computer system, this PACER system. If you don't hit the right button or if you don't turn it, it will kick it back or vacate it. And you can see that the docket entries are replete with errors or kickbacks from the PACER. And I appreciate these guys over here with the computers. These young kids know what they're doing. I just have reached a point in my life where I miss dearly the ability to walk to the clerk's office and hand a notice to the clerk or hand a pleading to the clerk and have it executed and date stamped and brought back and you know what happened and the communication is there. There's no communication with your PACER system. I love it, the efficiency, and I love the fact that my young kids know this stuff. But obviously, we did not hit the notice button. We hit the motion button. But we cited – it wouldn't have changed the entire process. And if it's self-executing as a motion, it should as a notice as well. So, with all due respect – Is the motion you filed, is it in the JA somewhere? What's a JA? The Joint Appendix. Yeah, this. I was just looking for it. That would make it easier. It's in the record number, 21. Right, right. It's not listed as being in here. All right, I'm sorry. It was filed on April 30th. It's listed as 21. Yeah, I see the docket sheet. Yeah, 21. And I do see the multiple kickbacks in the docket sheet as well. Right. So, thank you. I'm reserving my 12 seconds. Thank you. We'd be pleased to hear from Ms. Casey. Good morning, Your Honors. Lindsay Casey on behalf of Daystar Builders, Incorporated. It is unfortunate that the motion to dismiss without prejudice is not part of the Joint Appendix. Actually, when the appellants filed their opening brief, this argument regarding notice of dismissal, to my memory, was not part of the initial brief. And then a corrected brief was filed later, after the Joint Appendix was filed, that included this argument. And that may be why the motion for dismissal without prejudice was not part of the Joint Appendix. It was entitled as a motion, not a notice of dismissal. But it cited the correct rule. I don't believe so. I don't believe it did. And I apologize that we're not prepared. You also don't have it in front of you? I don't have it printed out. I think it did. So the question is whether we're going to accept the motion as a notice of dismissal. Well, I will also say something. You acknowledge that if we accept that, there had not been an answer filed. There had not been a motion for summary judgment. And a notice of dismissal under those circumstances is self-executing. Yes, Your Honor. The effect is the dismissal is effective immediately, and it's without prejudice. And if anything happened after that, it would be what we used to call held for not at the end of it. Yes, I understand the effect that it would have on me. The only question that I see it, and I've plowed a few of these furrows over the years, is whether the motion for dismissal is going to be deemed a notice of dismissal under Rule 41A.1, in which case the effect of it is it was self-executing and a dismissal without prejudice. One other argument I would make about that, Your Honor, is this issue was not raised. It wasn't raised before the district court. That's right. If it had been raised before the district court, it would have been treated this way. Yes, so it was not raised, and this is the first time it is. But isn't it a jurisdictional question? It is. If it was self-executing, then there was no jurisdiction at that moment in the district court. That's what I meant when I said it was held for not. Can you waive jurisdictional issues? Yes. I would agree that if appellants had filed a notice of dismissal, the case would have been dismissed without prejudice. But that is not what happened here. He filed a motion for dismissal without prejudice, and there is a case that I included in unreported opinion. And I think you said you don't think that it cited the correct rule? I don't believe. I would say I'm 80% sure, and I apologize for not being prepared. I thought it did. It's not to my memory. It's socket number 21. I could look it up on my laptop. But, you know, to address some other things, there is a difference between a motion for dismissal without prejudice and a notice of dismissal without prejudice because there's the two dismissal rules. So if you file a notice of dismissal two times, a notice of dismissal without prejudice two times, you are then out of luck. You cannot file another notice of dismissal without prejudice that becomes with prejudice. So there is a reason why a plaintiff may choose to file a motion of dismissal without prejudice versus a notice of dismissal. We're dealing here with a plaintiff who's severely injured. Now, his claims may be meritless. I don't know what the claims are, but we do know that he was severely injured. Correct? Yes, Your Honor. We haven't done any discovery, but, yes, I would agree. And we do know that the state court in Allegheny County is proceeding with the case. Well, Your Honor, I filed the same motion, a motion to dismiss with prejudice in the state court on the same basis the statutory employer defense and the court granted my motion to dismiss with prejudice. So you're out of the case? I'm sorry, Your Honor? You're out of the case. Yes. Well, there is another defendant in Allegheny County is another defendant in that case, so the judgment is not final. So I don't know what will occur in the future. But, yes, the court did grant my the Allegheny County court did grant my motion. Well, none of that's in this record. No, it's not. Those lawyers have been talking about a lot of things that aren't in the record. Yes, Your Honor. And the record doesn't even include this motion or notice. I mean, not the record. The record does include it. Document 21 or whatever it's called. But neither of you put it in the appendix. Yes, Your Honor. That's correct. And it was misnamed when it was filed. Well, I don't believe it was misnamed. I believe that the appellants wanted to file, intended to file a motion to dismiss without prejudice because of the diversity jurisdiction issue, which they created when they added Erie Insurance as a defendant. I think it was purposeful. I think it was intentional. They wanted the court to determine that there was no longer diversity jurisdiction, and that's why it was a motion and not a notice of dismissal. I believe that the appellants wanted the court to decide that issue when determining whether the case should be dismissed without prejudice. I don't believe a notice of dismissal was the intention when that motion for dismissal without prejudice was filed. Well, I do have a cut. Is this the docket entry number 21 that was filed April 30th? And I don't see the rule cited in here. It says, pursuant to Federal Rule 28, United States Code Section 1332, respectfully request dismissal. And it is pursuant to, it talks about diversity, that diversity jurisdiction no longer exists between the parties. Yes, thank you, Your Honor. The Ledford case that appellants argue was the reason that they wanted the case dismissed without prejudice, the Supreme Court case, is not similar to this case. In that case, it was whether an adult dependent daughter could file a claim in court against a principal contractor. And the issue was whether an adult dependent was considered a dependent for the workers' compensation laws or not. And if not, she could file in court. What effect would an affirmance in this case, an affirmance of a dismissal, have upon the state court proceedings? It doesn't, Your Honor. I was just addressing the appellant's counsel was using Ledford as the reason why he filed the dismissal in federal court. It's because this Ledford case was the Supreme Court of Maryland granted. But I'm just saying, just assuming arguendo that we thought the district court was correct in dismissing the case on the merits, what effect does that have on the proceedings that are going on in Maryland? In the state court, Your Honor? Yeah, in the state court. I believe then the appellants wouldn't have any right to appeal the dismissal of my client with prejudice by the state court. Because if the federal court's judgment is final, then the state court action should never have been brought. The state court action, what? Because basically what, you know, the appellants filed the federal court action and then also filed a state court action on the same basis. And I did, as part of my motion to dismiss with prejudice, I cited the first to file rule and how this was already pending in federal court and you can't file suit in both federal and state court for the same claims. Okay, so on the jurisdictional issue, your view of it is there's clearly complete diversity here because everything points to Erie being a Pennsylvania citizen. Yes, Your Honor. Their principal place of business is in Pennsylvania, incorporated in Pennsylvania, and there was no... And you've got Daystar as Maryland and Connelly as West Virginia, and so you'd have complete diversity. Yes, Your Honor. And what you're saying is that they initially filed in federal court. Now they've had a change of heart and there's a fraudulent joinder here in order to destroy diversity and that there was no good reason to have Erie Railroad in the case except to destroy complete diversity. I mean, except to destroy diversity jurisdiction. And that the evidence here all pointed to the fact that there was no evidence here that Erie was a citizen of Maryland. And all the evidence here pointed to the fact that it was a Pennsylvania citizen which would leave complete diversity intact. And so you've got a situation where someone initially files in federal court, then goes over to state court, then tries in federal court to undermine the existence of complete diversity by claiming that Erie Company is somehow a citizen of Maryland when they were incorporated in Pennsylvania. There's no evidence that they were incorporated in Maryland. The evidence from the Maryland Department of Assessments was that Erie was a foreign corporation founded and incorporated in Pennsylvania. And what you're saying is this is a lot of shenanigans. There's a change of heart and a fraudulent joinder and they shouldn't be allowed to get away with it. That's what you're saying. We should not allow this kind of thing to go on. It's manipulative. And that's your point of view. Yes, Your Honor. When I researched this issue, I couldn't find something exactly like this because usually it's the defendant who tries to remove a case to federal court and then the plaintiff tries to defeat diversity jurisdiction. It doesn't seem possible. Did you find the Williams case out of the Fifth Circuit, where the Fifth Circuit said that it mattered not that the plaintiffs failed to cite Rule 41, as there was no question that plaintiffs were acting pursuant to it, and it also didn't matter that their request was styled as a motion for dismissal rather than a notice of dismissal because it was a distinction without a difference, given the circumstances where they're not going to answer filed yet. Do you know that case? I do not, Your Honor. Was it? Because that does seem to be on point here. It's Williams versus Ezell, E-Z-E-L-L, 531, Fed 2nd, 1261. And then we also have a couple unpublished opinions in the Fourth Circuit that cite to that case. Yes, Your Honor. And I did. Like, as I said, I included them. Our unpublished decisions actually say that the request for voluntary dismissal filed within the limits of Rule 41A1AI should be construed as a notice of dismissal under that rule, regardless of how it is styled, unquote. Now, those are unpublished opinions of this Court that say that. Yes, Your Honor. But I also have an unpublished opinion that says something, you know, different, and I included that in my – In which one are you directing us to? Fidelity National Title – Right. I have that. Okay. Thanks. And in that one, the Court said it was a motion and not a notice of dismissal. And specifically – Was Fidelity a Fourth Circuit case? It's a district court. It's a federal district court case. It's the District of Maryland. Yes. Yes. Judge King was talking about Fourth Circuit cases. I'm talking about the Fourth Circuit. I'm talking about this Court. Yes, Your Honor. You're citing us a District of Maryland. Yes. Yes, Your Honor. Yeah. But what I read to you is in unpublished Fourth Circuit opinions, a request for voluntary dismissal – request for voluntary dismissal filed within the limits of Rule 41A1AI should be construed as a notice of dismissal under that rule, regardless of how it is styled, unquote. See Satterfield v. Vaughn, No. 246298, Fourth Circuit, August 2024. Citing Williams v. Edsel, which the Fifth Circuit case that Judge Thacker read to you. Your Honor, one thing I will say is – and there's another one here, Jackson v. United States, 245 Fed Offendix 258, Fourth Circuit, 2007. Citing the Williams case of the Fifth Circuit and reciting, quote, the fact that Jackson filed a motion for dismissal rather than a notice of dismissal is not relevant, unquote, as he cited Rule 41A1 in his motion. And the motion was filed prior to any response by the government. That's what – that's a case of this Court, unpublished, which means it's not present. And the other one I gave you is also unpublished. But those are decisions made by this Court in similar situations. But as we know, that rule was not cited. The rule was not cited in the motion. Well, this case here says it wasn't. No. Well, yeah. This case was cited. In that case it was cited. But here it wasn't cited. It was not cited. So the Court is left with what rule am I using here? This is a motion. This is – the Court wasn't directed to a rule to know what – how it was supposed to proceed. Perhaps if the rule had been cited, then the Court could go to the rule and proceed however it felt it should based on the interpretation. Opposing counsel, sir, what would be the harm? My colleagues have pointed out that this is a question of state law. And what would be the harm of simply saying that there was substantial compliance and that the dismissal should have been without prejudice and we didn't have jurisdiction to go further and leaving this up to the state court system to resolve a question essentially of state law, Maryland law. What would be the harm in that disposition to let a state law question be resolved by the most relevant state court on the grounds that the dismissal should have been without prejudice and we'd like jurisdiction to go further? I mean, what would be the harm in having the state law question go over to the state courts? Well, Your Honor, when we briefed these issues, the state court had not dismissed my client. That occurred after. However, as I said before, I believe that if the district court's order stands, then there would be no right of appeal of the state court order dismissing my client with prejudice. Why don't you want to let the Maryland courts decide this? For that reason, Your Honor, is that unless the Supreme Court decided to take up this issue, then my client would be, the workers' compensation issue would be decided. My client is concerned with the workers' compensation issue. Well, the workers' compensation issues are uniquely state law. I didn't file the case. We're not that much in that business. Right. And where did the injury occur again? In Allegheny County. In Pennsylvania. In Maryland. Oh, I'm sorry, in Maryland. So given that the injury occurred in Maryland, given what Judge King has said about workers' compensation issues being uniquely ones of state law, what would be the harm in allowing, I mean, I know you don't want that result because you are representing your client's interest, and that's altogether right. But from a structural standpoint, would it be the worst thing in the world to say the dismissal should have been without prejudice, the district court was wrong in dismissing and denying that? There was substantial compliance. It goes over to the state court. That's where the injury occurred. Question of state law. That's what the state court should take up. I know it's not good from the standpoint of your client, but overall structurally for the judicial system, is that a bad result? No, Your Honor, I don't believe it is. I just want to clarify that the appellants also were appealing the decision based on the workers' comp laws that the district court found. What did you say? The appellants, it wasn't just the notice of dismissal that was included in the appeal. We wouldn't reach any of those if we recognized the notice of dismissal. We don't have any play in that. Yes, but if you... If anything that the district court did, the federal district court did, after that notice of dismissal, if it was effective, would be, as I said in the old terms, held for not. Yes, Your Honor, I agree. But if you did find that the motion for dismissal was properly denied by the district court, then there would be a determination on whether the district court properly found on the workers' compensation issues, which, yes, admittedly, that is what my clients care about. The state court has dismissed my clients with prejudice in the state court after these briefs were filed. And your view is that on the merits, that they're all working on the same project and that there's no reason to, just for workers' compensation purposes, to sever the general contractor and the sub? Because my client would have had potential exposure to a workers' compensation claim against it by Mr. Connolly, if Mr. Connolly's direct employer hadn't had workers' compensation insurance, my client cannot be sued. Daystar cannot be sued in court. Regardless of whether Daystar actually paid benefits, it's irrelevant. It's the potential liability in workers' comp that is exclusive. You can't have potential liability in workers' comp and potential liability in the courts. It's an immunity derived from workers' comp, which you think cuts off the suit here. Yes. I understand. And as did the district court and the state court. Do you have further questions? No. All right, thank you very much. Thank you, Your Honor. We have some rebuttal time, sir. Thank you. Ms. Cordes framed the issue beautifully. No, but I'm still worried about it all. It does seem a little bit shifty to me. When you file in one court, then you go to another court, and you try to create incomplete diversity, and I'm not sure that there's any real basis for that, because it seems to me from all the available evidence, including from Maryland, the Erie Railroad was a Pennsylvania resident. And so at the end of the day, there seems to me to be diversity jurisdiction on the part of the district court. And I'm not anxious to get into the merits, but if there's jurisdiction there, we would have to. And so I'm torn between the appeal of having the state courts resolve an issue of state law, on the one hand, and on the other hand, I don't like the joinder here. I don't like introducing Erie Railroad into this case in order to destroy diversity when it is absolutely apparent from the evidence, including the Maryland Department of Assessments, that Erie is a Pennsylvania resident. And the district court didn't like it, and I don't like it. On the other hand, I do understand the argument that a state law issue with a place of injury in Maryland, the Maryland courts should be the ones to decide it. But it's not a slam dunk either way for me. Your Honor, the only reason that Erie Insurance Company was in pled is because they are the workers' comp carrier that has paid out $1 million in medical bills to my client, and they were asserting their subrogation rights, and they wanted me to protect their interest as well. Therefore, I entered my appearance on their behalf. In addition to that, I saw the Hertz case from the U.S. Supreme Court, that unfortunately was a Ninth Circuit, so I don't read it that well over on the side of the coast, but it did say that multiple states can have citizenship. A corporation has a significant nerve center, and Judge Nehemiah had written a reported opinion that talked about the nerve center test versus the operational center test. And Erie Insurance Company has such a large presence in Maryland, with major claim centers in Hagerstown and in Silver Spring, that I said, you know, it appears that you should join, and if you do, it breaks diversity. But that's another reason why I asked on April 30th, six weeks after filing the suit, I said, please let us dismiss without pledges so that we can refile in state court. Why weren't they in the suit earlier? Well, because my concern was with the injured worker, Robert Conley. Erie then approached me and said, you know, we have a million dollar exposure on this. We get the first money back from this lawsuit. Are you going to protect our interest? And I said, yes, I will. So that's why they weren't in it to begin with. But really, at the end of the day, I wrote that we want to go back to the state court, and the reason we chose to go back there was because the Supreme Court on March 24th took cert of a case that involved exclusive remedies, and that case in that code section resulted in a decision this past July that was highly contentious. It was a 4-3 decision with many dissenting opinions, and it's exactly why I wanted to be in the Maryland Supreme Court on this Labor and Employment Article 9-509 decision. How far does a cloak of immunity go up the ladder at a construction site? Does everybody get immunity if there's a workers' comp, or is it just the company? It's under state law issues. Correct. They are state law issues. And Judge Thacker gave you a case here. Yes. In the Fifth Circuit. Williams. Not the circuit. That's correct. Fifth Circuit, Williams. That supports your proposition. I gave you two unpublished cases. I'd like to amend them. From the Fourth Circuit. Thank you. That support the proposition. And you didn't cite any of them. I don't think. That's correct, Your Honor. Okay. And I appreciate the insight for the, particularly the Fifth Circuit, notice of substantial compliance is important. And asking the district court to dismiss it, to let us refile it in the state court six weeks after filing, I think is substantial compliance with that request. But if there is substantial compliance. Yes. Under those cases. Yes. And the notice of dismissal was effective. That was the end of the proceedings in the federal court. Correct. And nothing that happened after that. Or not. Is worth a paper. It's all written off. It's over with. It's held for not. You got it? Final word. Thank you. All right. We thank you. We'll come down and read counsel and move into our final case. Thank you.
judges: J. Harvie Wilkinson III, Robert B. King, Stephanie D. Thacker